UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1421-DMG (PVCx) | Date | February 28, 2023 |
| Title | *Nora Gutierrez v. Four Sigma Foods Inc.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 24, 2023, Defendant Four Sigma Foods Inc. ("Four Sigma") removed this putative class action from the Los Angeles Superior Court, asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d).  [Doc. # 1 ("Ntc. of Removal").]  In the Complaint, Plaintiff Nora Gutierrez asserts claims against Four Sigma and Does 1–25, inclusive, for violating the California Invasion of Privacy Act.  *Id.* at 9–15 ("Compl.").[1]

In the Complaint, Gutierrez alleges that she is a citizen of California and that Four Sigma is a Delaware Corporation with its primary place of business in California.  Compl. ¶¶ 5–6.  Four Sigma's removal petition repeats the cursory allegation that "at least one Plaintiff and Defendant are citizens of different states."  Ntc. of Removal at 5 (citing Compl. ¶ 3).

For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it has its principal place of business.  *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).  A corporation's principal place of business is its "nerve center" wherein its "officers direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  If Four Sigma's principal place of business is indeed in Los Angeles County, then it is a citizen of California and neither party has alleged minimal diversity.

In addition to lacking minimal diversity, 28 U.S.C. section 1332(d)(4)(A)(II)(cc) provides a "home state" exception to CAFA jurisdiction, by which "a district court shall decline to exercise jurisdiction . . . over a class action in which . . . at least 1 defendant is a defendant . . .

---

[1] All page numbers herein refer to those inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1421-DMG (PVCx) | Date | February 28, 2023 |
| Title | *Nora Gutierrez v. Four Sigma Foods Inc.* | Page | 2 of 2 |

who is a citizen of the state in which the action was originally filed." If Four Sigma's principal place of business is in California, then the home state exception also precludes its right to removal.

Sigma is therefore **ORDERED** to show cause why this action should not be dismissed, without prejudice, for lack of subject matter jurisdiction. By **March 10, 2023**, Four Sigma shall file a response in which it (1) properly identifies its own citizenship, and (2) (if applicable) the citizenship of at least one putative class member who is not a citizen of California, for purposes of diversity jurisdiction. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in remand of this action back to the Los Angeles Superior Court.

**IT IS SO ORDERED.**