AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
william@amintalati.com
matt@amintalati.com
richard@amintalati.com

Attorneys for Defendant Four Sigma Foods Inc.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOUR SIGMA FOODS INC, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:  2:23-cv-001421-DMG (PVCx)<br><br>**DEFENDANT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 28, 2023, this Court ordered Defendant to show cause why this action should not be dismissed, without prejudice, for lack of subject matter jurisdiction. Specifically, the Court ordered Defendant to file a response no later than March 10, 2023, that (a) properly identifies its citizenship; and (b) identifies the citizenship of at least one putative class member who is not a citizen of California for purposes of diversity jurisdiction.

Defendant responds to this Court's OSC as follows:

### A. Defendant's Citizenship

Defendant is a Delaware corporation with its principal place of business located in California. As a consequence, Defendant is a citizen of both Delaware and California for purposes of CAFA jurisdiction.

### B. Citizenship of at Least One Diverse Class Member

Plaintiff's complaint squarely alleges minimal diversity for purposes of CAFA jurisdiction. Specifically, Plaintiff alleges, "at least one Plaintiff and Defendant are citizens of different states." (Dkt. 1, Exh. 1, ¶ 3) Plaintiff's allegation is sufficient for purposes of establishing minimal diversity for purposes of CAFA jurisdiction. *See Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1226-27 (9th Cir. 2019) (allegations of citizenship sufficient for CAFA jurisdiction). Plaintiff's allegation is also plausible, as Plaintiff's complaint defines the class as all "persons *in* California" over the course of an entire year who communicated with Defendant "using cellular or landline telephony" and who had such communications recorded without prior consent. (Dkt. 1, Exh. 1, ¶ 16) (emphasis added). It is plausible that a citizen from a state other than California communicated with Defendant while passing through or located in California during the class period.

### C. No Exception To Jurisdiction Has Been Established

Under the mandatory home-state controversy exception, a district court must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in

- 1 -

which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  The party seeking remand bears the burden of proving that a CAFA exception applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). And to meet this burden, a court must possess "some facts in evidence from which the district court may make findings regarding class members' citizenship." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *see Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1017 (9th Cir. 2011).

Here, other than Plaintiff's, the residency (let alone citizenship) of the putative class is entirely unknown. To conclude at this stage that the mandatory (or permissive) home-state exemption applies would amount to improper "guesswork" and cut against the strong presumption of federal jurisdiction in CAFA cases. *See Brinkley v. Monterey Financial Services*, Inc., 873 F.3d 1118, 1121 (9th 2017).

Dated:  March 10, 2023            **AMIN TALATI WASSERMAN, LLP**


   /**s**/ *Matthew R. Orr*            ___
   Matthew R. Orr

   *Attorney for Defendant Four Sigma Foods Inc.*

**CERTIFICATE OF SERVICE**
(United States District Court)

I hereby certify that on the 10th day of March, 2023, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Matthew R. Orr*
Matthew R. Orr